Anthony CAPRA, Helen Capra and Kevin Capra, Plaintiffs-Appellants,

v.

THOROUGHBRED RACING ASSOCIA-TION OF NORTH AMERICA, INC., Thoroughbred Racing Protective Bureau, Inc., J.B. Faulconer, Clifford Wickman, and Paul Berube, Defendants-Appellees.

No. 84–6609.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 1985.

Decided April 11, 1986.

Charles B. Dinsmore, Media, Pa., for plaintiffs-appellants.

**464**

Carl Shapiro, Santa Monica, Cal., for defendants-appellees.

, Before GOODWIN and NELSON, Circuit Judges, and SCHWARZER *, District Judge.

PER CURIAM:

The Capra family sued for damages arising out of the publication of their true identities, which had been concealed by the federal witness protection program. Jurisdiction in the district court was based solely on diversity of citizenship. They appeal the district court's decision on summary judgment that the information published was newsworthy. We reverse and remand for further proceedings.

Anthony Ciulla was convicted of a federal offense for fixing horse races. He probably became newsworthy at the time. In exchange for his testimony, he was allowed to participate in the federal witness protection program. Under this program, he was given a new name (Capra, instead of Ciulla), with corresponding documents, and resettled in a new location. His wife Helen and his son Kevin received similar treatment. He alleges that large sums of money were offered by organized crime figures for information disclosing Anthony Ciulla's new identity and whereabouts.

Helen Capra applied for an open claiming license from the California Horse Racing Board under her new name. If granted, the license would have allowed her to race and "claim" (purchase in claiming races) horses throughout California. As part of the application, she provided her assumed name and her new address. Helen applied on behalf of her son, Kevin, and alleged that she acted independently of Anthony. She did not disclose that her new name was assumed. Within the horse racing universe, all of these facts, if known, would be noteworthy if not newsworthy.

An investigation by the defendant Thoroughbred Racing Protective Bureau, Inc., a wholly-owned subsidiary of the defendant Thoroughbred Racing Association of North America, Inc., revealed that Helen Capra had formerly been Helen Ciulla. Her application was denied. The Thoroughbred Racing Association issued a press release revealing Helen and Anthony Capra's former identity and location. Kevin Capra was not mentioned in the press release.

Kevin, Anthony, and Helen sued for invasion of privacy. The Capras concede that the facts stated in the news release are true, although they disagree with the release's implication that Anthony was acting through Helen. The district court granted summary judgment for the defendants against all plaintiffs on the theory that the information distributed was newsworthy.

The parties agree that California law governs. The tort of invasion of privacy in California has four elements: (1) public disclosure (2) of a private fact, (3) which would be offensive and objectionable to a reasonable person and (4) is not newsworthy. *See, e.g., Virgil v. Time, Inc.,* 527 F.2d 1122, 1125–26 (9th Cir.1975), *cert. denied,* 425 U.S. 998, 96 S.Ct. 2215, 48 L.Ed.2d 823 (1976). Defendants conceded for the purposes of this motion that triable issues of fact remain as to the first three issues.

Later California cases have elaborated *Virgil*'s requirement of newsworthiness into a three-part standard, ordinarily requiring the jury to weigh: (1) the social value of the facts published, (2) the depth of the publication's intrusion into ostensibly private affairs, and (3) the extent to which the party voluntarily assumed a position of public notoriety. *Diaz v. Oakland Tribune, Inc.,* 139 Cal.App.3d 118, 132, 188 Cal.Rptr. 762, 772 (1983); *Sipple v. Chronicle Publishing Co.,* 154 Cal.App.3d 1040, 1048, 201 Cal.Rptr. 665, 669–70 (1984).

 On the record before us, a reasonable jury, applying the three-part standard,

---

* The Honorable William W. Schwarzer, District Judge, United States District Court for the Northern District of California sitting by designation.

could find that the press release was not newsworthy as to one or more of the plaintiffs. First, the jury must consider the social value of the facts published in light of the public's interest in protecting persons willing to testify. This concern was not present in *Virgil.* While the federal witness protection program cannot by itself overcome the First Amendment, the program possesses some social values that weigh against unlimited free speech under the general balancing test of *Virgil* and subsequent cases. Second, the jury must consider the seriousness of the intrusion caused by the publication. Finally, the jury must consider the extent to which parties voluntarily exposed themselves to public notoriety. In this respect, Anthony, who was convicted, his wife Helen, who made the application, and their son Kevin, whose name was placed on the application, are not all similarly situated.

REVERSED and REMANDED.